These are the objections of Mr. Fitzgerald, which have been overruled.

---

(51 Misc. 493)

## In re FARRELL.

(Supreme Court, Special Term, Kings County. October 24, 1906.)

1. ELECTIONS—NOMINATIONS BY ELECTORS—SIGNATURES—PLACE OF RESIDENCE.
    The signers of an election certificate made oath that they were "duly qualified electors of the district for which the nominations * * * are made." The candidates were named as candidates in specified districts. *Held*, that the failure of the signers to add the name of the city to their address, after specifying the street and number, did not invalidate the signatures.

2. SAME—RESIDENCE WITHIN DISTRICT.
    A certificate of nomination named candidates for several offices. The districts to elect such officers were not coterminous, but 1,000 residents of both districts signed the certificates. *Held*, that the certificates were not

rendered invalid by the facts that not all the signors could support both the candidates named.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Elections, § 121.]

Appeal from Decision of Board of Elections of City of New York.

Objections by Edward A. Farrell to certificates of nomination filed by Robert Baker and another. From a decision of the board of elections of the city of New York, objector appeals. Affirmed.

Hugo Hirsch, for appellant.
Robert Stewart, for respondents.

KELLY, J. The board of elections of the city of New York overruled objection to certificates of independent nominations filed by Robert Baker, a candidate for Congress in the Sixth district, and by Charles J. Hackett, in the Sixth senate district of the state of New York. The objections are: (1) That the electors signing the certificate did not add to their signatures their residence, as required by the election law. (2) That the certificate filed names several candidates, Baker for Congress, Hackett for senator, and other candidates for the assembly, and that the districts are not coterminous. That the certificate is, therefore, illegal for the reason, among others, that the persons signing the same cannot truthfully make the required affidavit that they intend to support the candidates named, because in some instances the elector may not reside in the district of one of the candidates named upon the certificate. (3) That the certificate consists of several sheets, naming several candidates, and is not the certificate required by the law.

1. As to the first objection: It is conceded that there are 792 signatures out of a total of 1,900 to which are added the street address, by number, of the elector, with the word "Brooklyn," or "ditto," marked under the word "Brooklyn." As to the remaining signatures, the street and house number is given, but no city or borough is named. I think, however, that as to these additional certificates there is a sufficient statement of the fact that the street named is in the borough of Brooklyn, in Kings county. Among the candidates named in the certificate are assemblymen named as candidates in specified assembly districts in Kings county, and Hackett is named for "senator of the state of New York for the Eighth district." Having in mind the principle for interpretation of the election law, which has in mind at all times the right of the elector to vote for his candidate duly named, and the reluctance with which any objection destroying this right is sustained, and as, in this case, the sustaining of the objections urged will deprive the 1,000 electors who have signed the certificate of the opportunity to vote for the candidate for the offices in question under the emblem selected by them, I decide that the residence of the electors who have failed to add the word "Brooklyn" to the signature is still sufficiently indicated. They make oath, as required by the law, that they "are duly qualified electors of the district for which the nominations * * * are made." I think that the affidavit, coupled with the street number and the designation of the assembly and senate district, is sufficient. The proper method would be to add the street

number and borough of the city to the signature; but, on all the facts, I do not think these certificates should be thrown out.

2. That the districts of the candidates named on the certificate are not coterminous is no reason for rejecting them, where 1,000 bona fide residents of the congressional and senate districts have in fact signed the certificates. I have read the opinion of the Attorney-General, dated October 15, 1903, in the matter of the Thirty-Second senatorial and the Twenty-Fifth congressional district of this state, holding that a similar certificate should be rejected for the reason, among others, that it is impossible for all the electors signing the certificate to make oath, as required by law, that they intend to support all the candidates named, because some of the electors cannot vote for the candidates. This is no reason for depriving the 1,000 electors who do reside in the senate and congressional district of the right to vote under their selected emblem.

3. The fact that the certificate consists of separate sheets, and names candidates for several offices, is no ground for rejecting it, for the reasons stated in memo. filed October 24, 1906, in the Matter of Fitzgerald (Kings County Special Term) 100 N. Y. Supp. 753.

The action of the board of elections should be confirmed.