In the Matter of the Application of CHARLES A. LORETO for an Order, etc., Petitioner, against S. HOWARD COHEN and Others, Constituting and Comprising the Board of Elections of the City of New York, and DENIS R. SHEIL, Respondents.*

Supreme Court, Special Term, Bronx County, September 7, 1938.

*John J. Ferone,* for the petitioner.

*Charles A. Loreto, pro se.*

*William C. Chanler, Corporation Counsel,* for the Board of Elections of the City of New York.

*Power & Hopkins,* for Denis R. Sheil.

FRANKENTHALER, J.   The parties have stipulated that the only objection to the designating petition urged for the court's consideration is the failure of the signers, except in 635 instances, " to state the Borough or County or City or Town or Ward, after the house number and name or number of street or avenue."   The mandatory language of section 135 of the Election Law in regard to the contents of a designating petition states that such a petition " must set forth in every instance the full name of signer, his or her residence, election district and the Assembly district in which the signer then

*Affd., 255 App. Div. 773; motion for leave to appeal to the Court of Appeals denied, Id. 775; 279 N. Y. 811.

resides and the date when the signature is affixed," but contains no express requirement that the borough, county, city, town or ward be set forth. The aforesaid mandatory language is followed by a provision that the petition " shall be in *substantially* the following form: " (Italics the court's.) It is only in this connection that a reference is made to " town or ward."

In *Matter of Farrell* (51 Misc. 493) Mr. Justice KELLY (later Presiding Justice of the Appellate Division, Second Department) upheld the validity of signatures followed by the street and house number without mention of the city or borough, pointing out that the residences of those who had failed to add the word " Brooklyn " to their signatures were sufficiently indicated by the fact that the candidates were named for specified districts in Kings county. The footnote at the end of the opinion states that the decision was affirmed by the Appellate Division, Second Department, without opinion, on October 31, 1906. On the authority of this case the court holds that the mandatory requirement of section 135 regarding the residence of each signer of the designating petition has been properly complied with.

As to the point that the form of designating petition set forth in section 135 contains a blank for " town or ward," the court is of the opinion that the form of petition here involved, which contained no blank for town or ward, *substantially* complied with section 135 of the Election Law. In *Matter of Baum* (268 N. Y. 614) the Court of Appeals held that the statement in the affidavit of the subscribing witness, Godfrey, that " I just became of age on June 9, 1935, and enrolled in the office of the Board of Elections on July 12, 1935," was a substantial compliance with the requirements of section 135 of the Election Law that a subscribing witness state in his authenticating affidavit that he " was last registered for the general election in the year............ from............(fill in street and house number) in the............ (fill in city, county or village) in such State."

The motion for an order declaring the designating petition invalid and directing the board of elections to strike it from its files is accordingly denied.